# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

R. JAN PINNEY,

    Plaintiff,

vs.

AEGON COMPANIES PENSION PLAN,

    Defendant.

No. 14-CV-125-LRR

**ORDER**

## *TABLE OF CONTENTS*

*I.*    *INTRODUCTION.* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *2*

*II.*   *RELEVANT PROCEDURAL HISTORY.* . . . . . . . . . . . . . . . . . . . . . . . . *2*

*III.*  *SUBJECT MATTER JURISDICTION.* . . . . . . . . . . . . . . . . . . . . . . . . . *2*

*IV.*  *RELEVANT FACTUAL BACKGROUND* . . . . . . . . . . . . . . . . . . . . . . . *2*

    *A.*    *Parties.*. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *3*
    *B.*    *Overview of the Dispute.* . . . . . . . . . . . . . . . . . . . . . . . . . . . . *3*

*V.*   *ANALYSIS.* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *4*

    *A.*    *Standard of Review.* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *4*
    *B.*    *Ten Year Statute of Limitations.* . . . . . . . . . . . . . . . . . . . . . . . *4*
        *1.*    *Whether to consider the 1998 Letter.* . . . . . . . . . . . . . . . *5*
        *2.*    *Whether Iowa's statute of limitations bars Pinney's claim.*. . . . *8*
    *C.*    *Plan's Limitation of Action.* . . . . . . . . . . . . . . . . . . . . . . . . . *10*
        *1.*    *Applicable plan.* . . . . . . . . . . . . . . . . . . . . . . . . . . . *11*
        *2.*    *Dismissal for improper venue.* . . . . . . . . . . . . . . . . . . *12*

*VI.*  *CONCLUSION.* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *13*

## I. INTRODUCTION

The matter before the court is Defendant AEGON Companies Pension Plan's ("the Plan") Motion for Judgment on the Pleadings ("Motion") (docket no. 39).

## II. RELEVANT PROCEDURAL HISTORY

On March 4, 2014, Plaintiff R. Jan Pinney filed a Complaint ("Original Complaint") (docket no. 1) in the United States District Court for the Northern District of California. On August 25, 2014, Pinney filed an Amended Complaint (docket no. 18) on behalf of himself and a class of similarly situated individuals. The Amended Complaint alleges that the Plan violated the terms of its pension plan when it denied Pinney's claim for pension benefits. On August 29, 2014, the Plan filed a Motion to Dismiss or in Alternative to Transfer ("Motion to Dismiss") (docket no. 21). On October 30, 2014, the case was transferred to this court. *See* October 30, 2014 Minute Entry (docket no. 21). On November 21, 2014, the Plan filed an Answer (docket no. 36). On that same date, the Plan filed the Motion. On December 22, 2014, Pinney filed a Resistance (docket no. 47). On January 2, 2015, the Plan filed a Reply (docket no. 48). The matter is fully submitted and ready for decision.

## III. SUBJECT MATTER JURISDICTION

The court has federal question jurisdiction over Pinney's claim against the Plan, which arises under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1132(a)(1)(B). *See* 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.").

## IV. RELEVANT FACTUAL BACKGROUND

Accepting all factual allegations in the Amended Complaint as true and drawing all reasonable inferences in favor of Pinney, the facts are as follows.

### A. Parties

Pinney is a citizen of California and resides in Roseville, California. In 1971, he became an employee of Occidental Life Insurance Company of California ("Occidental"), an affiliate of Transamerica Corporation ("Transamerica"), and thereby became a participant in its employee benefit pension plan. The Plan is an employee benefit pension plan within the meaning of ERISA, 29 U.S.C. § 1002, and is administered in Iowa.

### B. Overview of the Dispute

The case arises out of Pinney's claim that the Plan denied him pension benefits to which he is entitled. In 1971, Pinney began working as an Assistant Branch Manager for Occidental. In 1972, Pinney began working as a General Agent for Occidental. In 1985, Pinney became a Branch Manager for Transamerica. Pinney continued working for Transamerica until July 31, 1997. As an employee of Occidental and Transamerica, Pinney participated in the employee benefit pension plan, which was sponsored by Transamerica and its predecessors and successors in interest.

The pension plan has undergone several amendments and changes since Pinney began his employment, but is currently named the "AEGON Companies Pension Plan." In 2011, Pinney received estimates of his pension benefits and noticed that the Plan had not credited him for thirteen years of his employment—from May 14, 1972 through May 28, 1985—when he worked as a General Agent. On or about December 6, 2011, Pinney submitted documents to the Plan claiming that he was an "employee" eligible for pension benefits during his tenure as a General Agent. The Plan interpreted this as a claim for benefits. On March 5, 2012, the Plan issued an adverse benefit determination, finding that Pinney "was not an 'Employee' within the meaning of the Plan during the time he worked as a General Agent" because that position fell outside the Plan's definition of "employee." Amended Complaint ¶ 39. Pinney timely requested review of the adverse benefit

determination and has exhausted administrative remedies under the Plan.

## V.  ANALYSIS

### A.  Standard of Review

Under Federal Rule of Civil Procedure 12(c), a party may move for judgment on the pleadings after the pleadings are closed. Such a motion is analyzed under the same standard that the court employs for a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *St. Paul Ramsey Cnty. Med. Ctr. v. Pennington Cnty., S.D.*, 857 F.2d 1185, 1187 (8th Cir. 1988); *see also Westcott v. City of Omaha*, 901 F.2d 1486, 1488 (8th Cir. 1990). Federal Rule of Civil Procedure 12(b)(6) provides that the court may dismiss a complaint when it "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *accord B & B Hardware, Inc. v. Hargis Indus., Inc.*, 569 F.3d 383, 387 (8th Cir. 2009). "Where the allegations show on the face of the complaint [that] there is some insuperable bar to relief, dismissal . . . is appropriate." *Benton v. Merrill Lynch & Co.*, 524 F.3d 866, 870 (8th Cir. 2008) (citing *Parnes v. Gateway 2000, Inc.*, 122 F.3d 539, 546 (8th Cir. 1997)). "A grant of judgment on the pleadings is appropriate 'where no material issue of fact remains to be resolved and the movant is entitled to judgment as a matter of law.' [The court must] view all facts pleaded by the nonmoving party as true and grant all reasonable inferences in favor of that party." *Poehl v. Countrywide Home Loans, Inc.*, 528 F.3d 1093, 1096 (8th Cir. 2008) (quoting *Faibisch v. Univ. of Minn.*, 304 F.3d 797, 803 (8th Cir. 2002)) (internal citation omitted).

### B.  Ten Year Statute of Limitations

The Plan argues that Pinney's claim is barred by Iowa's ten year statute of

limitations on contract claims.  The Plan states that "the decision to exclude [the] service from the calculation of [Pinney's] benefit was communicated . . . to [Pinney] in 1998, when he was told the amount of benefits to which he was entitled and the service on which his benefits were based."  Answer at 4.  The Plan argues that this letter ("the 1998 Letter") constitutes a "clear repudiation" of Pinney's pension benefits and put Pinney on notice for purposes of the statute of limitations.  The Plan argues that because Pinney knew, or should have known, about his claim in 1998, his claim is now barred by Iowa's statute of limitations for contract actions.  Motion at 1-2.  Pinney argues that the court should not consider the 1998 Letter in resolving the Motion, or, if the court does consider it, then the court must convert the instant Motion into a motion for summary judgment. Resistance at 11.  Furthermore, Pinney argues that the statute of limitations does not bar his claim because there was never a "clear repudiation" of the relevant pension benefits. *Id.* at 5.

### 1. *Whether to consider the 1998 Letter*

The Plan argues that "[t]he 1998 [L]etter and the other documents the . . . Plan used to support its Rule 12(c) motion are embraced by the pleadings, incorporated by reference or integral to the claim, and items appearing in the record of the case" and it is therefore permissible for the court to consider them without converting the Motion into a motion for summary judgment.  Reply at 4 (internal quotation marks omitted).  Pinney argues that the 1998 Letter is not necessarily embraced by the pleadings and should not be considered. Resistance at 11.

"When considering a motion for judgment on the pleadings . . . , the court generally must ignore materials outside the pleadings, but it may consider 'some materials that are part of the public record or do not contradict the complaint.'" *Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999) (quoting *Missouri* ex rel. *Nixon*

5

*v. Coeur D'Alene Tribe*, 164 F.3d 1102, 1107 (8th Cir. 1999)). The court may also consider "materials that are 'necessarily embraced by the pleadings.'" *Id.* (quoting *Piper Jaffray Cos. v. Nat'l Union Fire Ins. Co.*, 967 F. Supp. 1148, 1152 (D. Minn. 1997)). "Documents necessarily embraced by the pleadings include 'documents whose contents are alleged in a complaint and whose authenticity no party questions.'" *Ashanti v. City of Golden Valley*, 666 F.3d 1148, 1151 (8th Cir. 2012) (quoting *Kushner v. Beverly Enters., Inc.*, 317 F.3d 820, 831 (8th Cir. 2003)). Therefore, "courts are not strictly limited to the four corners of complaints." *Dittmer Properties, L.P. v. F.D.I.C.*, 708 F.3d 1011, 1021 (8th Cir. 2013).

> "[W]hile courts primarily consider the allegations in the complaint in determining whether to grant a [Federal Rule of Civil Procedure] 12(b)(6) motion, courts additionally consider matters incorporated by reference or integral to the claim, items subject to judicial notice, matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint whose authenticity is unquestioned . . . without converting the motion into one for summary judgment."

*Id.* (quoting *Miller v. Redwood Toxicology Lab., Inc.*, 688 F.3d 928, 931 n.3 (8th Cir. 2012)) (internal quotation marks omitted). A document is incorporated by reference when the complaint mentions or refers to it and the defendant then attaches it to the answer. *Brownmark Films, LLC v. Comedy Partners*, 682 F.3d 687, 691 (7th Cir. 2012) ("In effect, the incorporation-by-reference doctrine provides that if a plaintiff mentions a document in his complaint, the defendant may then submit the document to the court without converting . . . the motion into a motion for summary judgment."). Accordingly, a document attached to an answer is considered to be "part of the pleadings." *Horsley v. Feldt*, 304 F.3d 1125, 1134 (11th Cir. 2002) (stating that "if an attachment to an answer is a 'written instrument,' it is part of the pleadings and can be considered on a Rule 12(c)

motion for judgment on the pleadings").

Here, the 1998 Letter is not referenced in the Amended Complaint. However, in the parties' proposed Joint Case Management Statement, the issue of "[w]hether the statute of limitations has run on Plaintiff Pinney's claim, because he was informed no later than 1998 that he would not receive credit for the service for which he seeks credit in this case" is identified as a legal issue. Joint Case Management Statement (docket no. 31) at 3. The parties filed this statement on October 22, 2014, prior to the case being transferred to this court. The Plan argues that this statement constitutes an admission that Pinney "was informed no later than 1998" that he would not receive credit for his service. Reply at 4. However, the Joint Case Management Statement merely notified the Northern District of California that this was a legal issue that would need to be resolved. It does not constitute an admission that Pinney received the 1998 Letter. The 1998 Letter is also referenced in the Plan's Answer and in the Plan's Motion to Dismiss. *See* Answer at 4, 11 and Motion to Dismiss at 7. However, the 1998 Letter is not incorporated by reference because it is not mentioned or referred to anywhere in the Amended Complaint and the letter itself is not attached to the Answer. *Brownmark Films, LLC*, 682 F.3d at 691. Furthermore, nothing in the Amended Complaint references the contents of the 1998 Letter and Pinney has raised questions regarding when the 1998 Letter was sent by the Plan and received by Pinney. Resistance at 3-4. Therefore, the 1998 Letter is not necessarily embraced by the pleadings. *See Ashanti*, 666 F.3d at 1151. Because the 1998 Letter is not incorporated by reference and is not necessarily embraced by the pleadings, the court may only consider it if it converts the instant Motion into a motion for summary judgment. The court declines to do so at this stage in the proceedings. Therefore, the court will not consider the 1998 Letter in its analysis.

### 2. *Whether Iowa's statute of limitations bars Pinney's claim*

"ERISA does not contain its own statute of limitations governing actions to recover benefits." *Shaw v. McFarland Clinic, P.C.*, 363 F.3d 744, 747 (8th Cir. 2004). Therefore, courts must look to state law and "determine the most analogous statute of limitations." *Id*. Under Iowa law, "a claim brought under ERISA relating to a contract . . . is governed by a ten-year statute of limitations." *Id*. at 748; Iowa Code § 14.1. Federal law governs when the cause of action accrues:

> [I]n an ERISA action "[c]onsistent with the discovery rule, the general rule . . . is that a cause of action accrues after a claim for benefits has been made and has been formally denied." There are times, however, when "an ERISA beneficiary's cause of action accrues before a formal denial, and even before a claim for benefits is filed when there has been a clear repudiation by the fiduciary which is clear and made known to the beneficiar[y]."

*Bennett v. Federated Mut. Ins. Co.*, 141 F.3d 837, 839 (8th Cir. 1998) (quoting *Union Pacific R.R. Co. v. Beckham*, 138 F.3d 325, 330 (8th Cir. 1998)) (alterations in original) (citations omitted) (internal quotation marks omitted). A cause of action may accrue, therefore, when the beneficiary knew or should have known of the repudiation of benefits "regardless of whether the [beneficiary] formally applied for benefits." *Carey v. Int'l Broth. of Elec. Workers Local 363 Pension Plan*, 201 F.3d 44, 47-48 (2d Cir. 1999). To qualify as a "clear repudiation," the communication must be "unequivocal." *See Union Pacific R.R. Co.*, 138 F.3d at 330-31.

Because the court declines to consider the 1998 Letter for purposes of the Motion, the ten year statute of limitations argument necessarily fails. Accepting all facts in the Amended Complaint as true, nothing suggests that this action is barred by a ten year statute of limitations. Accordingly, the court shall deny the Motion with respect to the Plan's argument that Pinney's claim is barred under Iowa's ten year statute of limitations.

Even if the court were to consider the 1998 Letter in analyzing whether Pinney's claim is barred, the 1998 Letter by itself does not appear to rise to the level of a "clear repudiation." *See id.* The Plan sent the 1998 Letter to Pinney to correct a mistaken calculation in a previous letter. The 1998 Letter informs Pinney that he has satisfied the requirements to receive benefits upon retirement, includes the date when Pinney will be eligible to receive benefits and explains how his benefits were calculated. The 1998 Letter also references a Retirement Estimate, which states that Pinney's years of service are calculated at 13.66667 years. *See* Retirement Estimate (docket no. 21-4). The Plan argues that Pinney's cause of action accrued when he received the 1998 Letter, because the 1998 Letter did not include his service from 1972 to 1985 in its years of service calculation. *See* 1998 Letter (docket no. 21-4). The Plan argues that this was a clear repudiation because the 1998 Letter "stated that Pinney began his service . . . in 1971 and that Pinney terminated his employment in July of 1997. Of that 26 ½ year period, the [1998] [L]etter states that he is entitled to 13 ½ years of benefit service." Reply at 3. Pinney argues that the 1998 Letter does not constitute a "clear repudiation" of his pension benefits and, therefore, his cause of action did not begin to accrue upon receipt of the 1998 Letter.

In cases where courts have found a clear repudiation of benefits, there has been a much more direct repudiation than the arguable repudiation contained in the 1998 Letter. *See, e.g.*, *Union Pacific R.R. Co.*, 138 F.3d at 330-31 (finding that a cause of action accrued when the claimants stated that they "repeatedly have been informed by numerous individuals, including employee benefit department employees . . . , that they would not receive any benefit credit under [the plan] for their . . . service" and citing a collection of cases analyzing whether a cause of action accrued prior to the beneficiaries filing a formal claim for benefits); *Thompson v. Ret. Plan for Emps. of S.C. Johnson & Son, Inc.*, 651 F.3d 600, 605 (7th Cir. 2011) ("Although it is certainly possible that generic [p]lan

9

communications can prospectively repudiate unequivocally participant rights, we note that the more traditional case in which recovery is barred involves some direct communication to a participant who is actually pressing the issue." (citation omitted)).

The 1998 Letter informs Pinney that he is eligible for benefits and provides an estimate of the monthly annuity he will receive. The Retirement Estimate, containing the 13.66667 years of service calculation, does not purport to inform Pinney that the Plan has repudiated any benefits to him. Moreover, even if the court were to interpret this document as a purported repudiation of benefits, the calculation of benefits is extremely general. Nothing in the 1998 Letter or the Retirement Estimate specifically states that Pinney worked for twenty six years and was only credited for half that time. Nor does the 1998 Letter or the attachment specify which years were used to calculate the 13.66667 figure. Although Pinney could perhaps have paid closer attention to the contents of the 1998 Letter and the included Retirement Estimate, the 1998 Letter does not rise to the level of a "clear repudiation" of benefits, as required for a cause of action to accrue. *See Bennett*, 141 F.3d at 839 (ruling that a "letter on the date of [the beneficiary's] resignation that he forfeited any credit . . . in the . . . plan . . . was a clear repudiation by the fiduciary"); *Daill v. Sheet Metal Workers' Local 73 Pension Fund*, 100 F.3d 62, 66 (7th Cir. 1996). Therefore, Pinney's cause of action would not have accrued based on receipt of the 1998 Letter alone.

### C. *Plan's Limitation of Action*

The Plan argues that its requirement that "[a]ny participant or [b]eneficiary can bring an action . . . only in Federal District Court in Cedar Rapids, Iowa within two years of the initial benefit determination" bars Pinney's suit because he initially filed suit in California. Brief in Support of the Motion (docket no. 39-1) at 14. Pinney argues that the version of the Plan containing the limitation on actions clause is inapplicable to him and

even if it were applicable, he timely filed the instant action.

### 1. *Applicable plan*

The 2010 Plan states that "[a]ny participant or [b]eneficiary can bring an action . . . only in Federal District Court in Cedar Rapids, Iowa within two years of the initial benefit determination." *Id.* at 8. The 2012 Plan states that "[a] Participant or Beneficiary shall bring a cause of action in connection with the Plan only in Federal District Court in Cedar Rapids, Iowa. No Participant or Beneficiary shall bring a cause of action after two years of the initial adverse benefit determination." Resistance at 18. The 1996 Plan, which Pinney argues is the applicable plan, does not contain any limitation on actions. *See id*.

The Plan argues that the 2010 Plan governs Pinney's case because the California district court relied on the 2010 Plan's forum selection clause when it transferred the case to this court. *See* October 30, 2014 Minute Entry. The Plan also argues that the 2010 Plan controls because that was the version of the plan in effect when Pinney filed his claim for benefits in 2011. Reply at 2-3. Pinney argues that the 1996 Plan, the year in which Pinney terminated his employment, is the applicable version because the 2010 Plan states that

> the provisions of this Plan shall apply to Employees of the Employer who complete one hour of service on or after January 1, 2010. The rights of former Employees who terminated employment prior to January 1, 2010 shall be governed by the terms of the plan as in effect on the Employee's Termination Date.

Resistance at 17; 2010 Plan (docket no. 21-5) at 7. The court agrees that it appears the 2010 Plan is not applicable based on the above clause. However, even if the 2010 Plan's forum selection clause applies to Pinney's claim, the outcome is the same. Therefore, the court will proceed as if the 2010 Plan governs for purposes of analyzing the contractual

11

limitations clause.

## 2. *Dismissal for improper venue*

The Plan argues that Pinney's claim is barred under the 2010 Plan's two-year limitation on actions, which states: "[a]ny Participant or Beneficiary can bring an action in connection with benefits payable under the Plan only in Federal District Court in Cedar Rapids, Iowa within two years of the initial benefit determination," because Pinney did not file his claim in this court. Brief in Support of the Motion at 14. The Plan argues that November 20, 2014 is the filing date because that date is when the case was received and filed in this court. *See* Case Transfer (docket no. 33). Pinney argues that even if the 2010 Plan applies to him, he timely commenced this action by filing a complaint in the federal district court in California on March 4, 2014. Resistance at 19-20.

The United States District Court for the Northern District of California transferred this case pursuant to the forum selection clause in the 2010 Plan. *See* October 29, 2014 Minute Entry at 1. Transfer based on a forum selection clause is proper under 28 U.S.C. § 1404(a), which "provides a mechanism for enforcement of forum-selection clauses that point to a particular federal district" court. *Atlantic Marine Const. Co., Inc. v. U.S. Dist. Court for Western Dist. of Texas*, 134 S.Ct. 568, 579 (2013); 28 U.S.C. § 1404(a) ("For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented.").[1] A forum selection clause may not "be enforced by a motion to dismiss under 28 U.S.C. § 1406(a) or [Federal

---

[1] The United States District Court for the Northern District of California stated that it also relied on 28 U.S.C. § 1406 to support its transfer of the case. However, the court recognizes that 28 U.S.C. § 1404 is the proper authority for transfer based on a forum selection clause, as the existence of such a clause does not render the initial forum statutorily "improper." *See Atlantic Marine Const. Co., Inc.*, 134 S. Ct. at 578-79.

Rule of Civil Procedure] 12(b)(3) . . . . Instead, a forum-selection clause may be enforced by a motion to transfer under [28 U.S.C.] § 1404(a)." *Atlantic Marine Const. Co., Inc.*, 134 S. Ct. at 575. However, even if transfer had been based on 28 U.S.C. § 1406 for improper venue, "the date of the initial filing in [an] improper forum counts as the date of the filing in the transferee forum for limitations purposes when the case is transferred rather than dismissed." *Lafferty v. St. Riel*, 495 F.3d 72, 81 (3d Cir. 2007) (discussing the choice of law analysis distinctions between 28 U.S.C. § 1404(a) transfers and 28 U.S.C. § 1406(a) transfers); *see also Gro Master, Inc. v. Farmweld, Inc.*, 920 F. Supp. 2d 974, 991 (N.D. Iowa 2013) (noting that "[v]arious federal appellate courts have recognized that the effect of a transfer pursuant to [28 U.S.C.] § 1406(a) is to preserve the initial filing date for the purposes of the statute of limitations, at least where the plaintiff's initial choice of venue was in good faith").

The Northern District of California properly transferred the case to the Northern District of Iowa based on the applicable case law. However, the fact that the forum selection clause in the 2010 Plan was found to be enforceable has no bearing on the date of the initial filing. When a case is transferred, whether under 28 U.S.C. § 1404(a) or § 1406(a), the date of the filing is the initial filing date of the Original Complaint, not the date of the transfer. The court is unaware of case law to the contrary and the Plan did not present any in its filings. Pinney filed his case within two years of the adverse benefit determination. His failure to file in Cedar Rapids does not affect that date. Therefore, Pinney timely filed his Original Complaint. Accordingly, the court shall deny the Motion with respect to the Plan's argument that the 2010 Plan's contractual limitations clause bars Pinney's claim.

## VI. CONCLUSION

In light of the foregoing, the Motion for Judgment on the Pleadings (docket no. 39)

is **DENIED**.

      **IT IS SO ORDERED.**

      **DATED** this 30th day of March, 2015.

LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA